**EXHIBIT H**

# BUTLER | SNOW

February 5, 2020

VIA EMAIL
Chris W. Cantrell
Doyle APC
550 West B. Street, 4th Floor
San Diego, CA 92101
ccantrell@doylelowther.com

    Re:    *Maxine Shull v. Ethicon, Inc., et al.*
             United States District Court for the Middle District of Tennessee
             Civil Action No. 3:19-cv-969

Dear Chris:

    The letter serves to identify and address open discovery matters in the above-referenced matter. While I tried to be complete, I may be missing a few action items and reserve my right to raise them at a later time.

    DISCOVERY SUPPLEMENTATION: Under Federal Rule of Civil Procedure 26(e), "[a] party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter" when the party learns that the information disclosed is incomplete. FED. R. CIV. P. 26(e). In this case Mrs. Shull was deposed on October 4, 2018. Given the passage of 16 months, we reasonably believe that Mrs. Shull has additional information to disclose.

    Please supplement the Plaintiff Fact Sheet with any new information that completes the disclosure (*i.e.*, new medical providers, additional surgeries, *etc.*). Also, please provide us with updated medical authorizations so we can collect medical records not previously available. Finally, please supplement all documents evidencing alleged damages including but not limited to treaters, medical records and medical expenses.

    SOCIAL SECURITY RECORDS: At her deposition, Ms. Shull testified that she was on social security disability because of a back injury. M. Shull Dep. Tr. 15-16. Please have Ms. Shull sign the attached SSA authorizations and expedite the executed authorizations to Callie Scott.

    OTHER LAWSUITS: At her deposition, Ms. Shull testified that she was involved in a lawsuit against the City of Fayetteville where she fell into a manhole. M. Shull Dep. Tr. 14-15. Please provide us with the full caption of this lawsuit, when the action was filed and where it was pending before the settlement.

---

The Pinnacle at Symphony Place
150 3rd Avenue South, Suite 1600
Nashville, TN 37201

ANITA MODAK-TRURAN
615.651.6751
anita.modak-truran@butlersnow.com

T 615.651.6700
F 615.651.6701
www.butlersnow.com

BUTLER SNOW LLP

Chris W. Cantrell
February 5, 2020
Page 2

DEATH OF SPOUSE: At her deposition, Ms. Shull testified that her husband had passed away on February 25, 2018. M. Shull dep. Tr. 50-51. A suggestion of death was filed for Thomas Shull on September 19, 2018. Please dismiss with prejudice Mr. Shull's consortium claim or alternatively move to amend the complaint to dismiss Mr. Shull's claim.

DEPOSITIONS: In the case management order entered by Judge Trauger, the parties identified the following possible deponents.

(1) Dr. Mark Plunkett (implanting surgeon). You originally noticed this deposition. Are you going to set the deposition or would you prefer that we set it and go first. As you know the party going first pays for the deposition.

(2) Dr. Thomas Landon (revision surgeon). Callie is in the process of setting this up.

(3) Dr. Michael Tepedino (Mrs. Shull states he told her something was wrong with mesh). Callie is in the process of setting this up.

(4) Dr. William Hughes (primary care physician from 2007 to present). Callie sent dates the doctor is available. The best date for me is February 25, 2020. This will be held in Fayetteville, TN. Does that date work for you?

(5) Family and friends. Subject to our reservation of rights to depose other family and friends, we would like to set up the deposition of Mrs. Shull's daughter, Melissa Baysinger, and her sister, Shelby Pedigo. How would you like to handle?

(6) Supplemental Deposition of Mrs. Shull. We are not in a position to assess whether a supplemental deposition of Mrs. Shull is warranted because we don't have all of the more recent records.

(7) Independent Medical Examinations. The parties agreed to do this before the supplemental expert reports were due.

(8) Deposition of Plaintiffs' case specific experts. Please provide a date for Dr. Elliott's deposition between June 1, 2020 and July 1, 2020. We might as well get this on the books. He has a very busy schedule.

(9) Deposition of Defendants' case specific experts. I will provide you with dates between July 1, 2020 and August 1, 2020 for Dr. Lee Congleton.

DR. ELLIOTT'S COMPENSATION RECORDS: As you know, Judge Eifert has ruled that the parties are entitled to the opposing expert's compensation records for the past five years in the pelvic mesh litigation. In a subsequent hearing, she determined that the reasonable fee for the doctor's efforts to comply with her order was $137 an hour. Let's discuss the most efficient manner for Dr. Elliott to compile these records. Can you ask Dr. Elliott if he can get the records

Chris W. Cantrell
February 5, 2020
Page 3

from his accountant? Also, I have not yet received Dr. Elliott's case list in the pelvic mesh litigation for the past five years

    We would appreciate if you would provide the information requested above by February 14, 2020. If you have questions, please feel to reach out to me or Callie Scott.

                                Sincerely,

                                Butler Snow, LLP

                                *Anita Modak-Truran (coc)*

                                Anita Modak-Truran

AMT/coc
Enclosures
51505674.v1