Chris W. Cantrell (SBN 290874)
**DOYLE APC**
550 West B Street, Fourth Floor
San Diego, CA 92101
Telephone: (619) 736-0000
Facsimile: (619) 736-1111

William J. Doyle (SBN 188069)
**DOYLE LOWTHER LLP**
4400 NE 77th Avenue, Suite 275
Vancouver WA 98662
Telephone: (360) 818-9320
Facsimile: (360) 450-3116

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA WESTERFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ETHICON, INC., ET AL.,<br><br>Defendants. | Case No.: 2:20-cv-04803-GW-AS<br><br>PLAINTIFF'S MOTION TO MODIFY OR SET-ASIDE MAGISTRATE JUDGE'S RECOMMENDATION AND ORDER ON DEFENDANT'S MOTION TO ENFORCE MDL DISCOVERY ORDER<br><br>NO ORAL ARGUMENT REQUESTED |

Pursuant to Local Rule 72-2.1 and Federal Rule of Civil Procedure 72, Plaintiff submits this Objection to Magistrate Judge's Recommendation on Defendants' Motion to Enforce MDL Discovery Order (ECF No. 125). Plaintiff's Motion was filed within fourteen (14) days of the Magistrate Judge's written ruling and is therefore timely.[1]

## I.     INTRODUCTION AND BACKGROUND

For seven years, the Parties operated under an agreement between MDL defense counsel and plaintiffs' counsel regarding disclosure of expert compensation, agreeing to limit questioning and document requests regarding expert compensation to the specific case at issue. This agreement comports with the Federal Rules of Civil Procedure, which limit disclosure of expert compensation to the case at issue and not every case the expert has ever worked on. *See* Fed. R. Civ. P. 26(a)(2)(B)(vi) (requiring the disclosed expert to provide "a statement of the compensation to be paid … **in the case**.") (emphasis added). In accordance with the Parties' agreement, at every specific causation deposition in the MDL litigation Dr. Elliott provided Ethicon with a copy of all invoices submitted in that case, information about any unbilled time in the specific case, and expected compensation for being deposed.

During the closing days of MDL 2327, Defendants abandoned this agreement and moved to compel Dr. Elliott "to produce all of his invoices and payment documents" related to his work as a disclosed expert in all pelvic mesh cases. ECF No. 42.[2] The Motion was referred to Magistrate Judge Cheryl Eifert of the Southern District of West

---

[1] A motion for review of a magistrate's non-dispositive ruling must be filed within fourteen days of the recommendation being entered. Fed. R. Civ. P. 72(a); see L.R. 72-2.1.

[2] The motion was brought only in three cases: *Batson v. Ethicon, Inc.,* 2:14-cv-06455 (S.D. W. Va.)*; Donna Parks v. Ethicon, Inc., et al. See* ECF No. 112-8, and the instant matter *Debra Westerfield v. Ethicon, Inc. et al.,* 2:14-cv-09748 (S.D. W. Va.); *see also* ECF No. 112-3 at 3:11-14 (Judge Eifert stating "We're here in regard to the following cases: *Batson v. Ethicon, Inc., … Westerfield v. Ethicon, Inc., …* And *Parks v. Ethicon, Inc.*"). The *Batson* matter has since settled.

1
PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE DISCOVERY ORDER

Virginia. Ruling on the motion, Magistrate Judge Eifert ordered Dr. Elliott to produce "a number" that represents the compensation he has received for serving as an expert witness in pelvic mesh cases. Judge Eifert did **not** order Dr. Elliott to produce any documents such as invoices or tax documents. Nor did Juddge Eifert require Dr. Elliott to recreate any records he no longer possesses. Exhibit A at 17:23-25; 19:25-20:4 (Transcript of Motion Hearing Before Magistrate Judge Eifert). Defendants agreed to the production of a compensation number in a verified declaration/affidavit. *Id.* at 19:16-23.

In compliance with Judge Eifert's order and defense counsel's agreement on the record, Dr. Elliott produced a list of all cases he testified in for the preceding five-year period and a signed declaration identifying his compensation for the previous five-year period for his work as an expert witness in pelvic mesh cases. Exhibit B (Declaration of Daniel Elliott, MD); Exhibit C (Elliott 4 and 5 Year Testimony Lists). Dr. Elliott's declaration explains in detail how his compensation number was calculated. Dr. Elliott's production fully complies with Judge Eifert's order and defense counsel's on-record representations. Despite this production, Defendants continue to seek additional information and documents from Dr. Elliott. Not only do these requests far exceed Judge Eifert's order; they also stand in direct contradiction to on-record representations the defense made to the MDL Court. Defendants are now demanding documents from Dr. Elliott that neither exist nor were ever ordered produced by the MDL Court.

Defendants's Motion to Compel Compliance with MDL Discovery Order (ECF No. 112) was referred to Magistrate Judge Alka Sagar. On October 5, 2020, Judge Sagar issued an order partially granting Defendants' Motion and ordering: (1) a deposition of Dr. Elliott of not more than two hours on the subject of his compensation (which Judge Eifert never ordered); (2) Plaintiff produce the compensation records ordered to be produced by the MDL Court (no records were ordered produced); and (3) the records must be produced within thirty (30) days. ECF No. 125 at 2. As explained below, Magistrate Judge Sakar's Order Granting Defendants' Motion to Compel Compliance

with MDL Discovery Order contains determinations that are clearly erroneous and contrary to law. Fed. R. Civ. P. 72(a).

## II. ARGUMENT

In reviewing a Magistrate Judge's order, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The district court's review of "whether the Magistrate Judge ruled 'contrary to law' is de novo rather than deferential." *Coleman v. Diaz*, 2014 WL 1795157, at *3 (C.D. Cal. Mar. 11, 2014); *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). "[A]n order is contrary to law when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *In re Toyota Motor Corp. Hybrid Brake Mktg.*, 2011 U.S. Dist. LEXIS 160804, at *5 (C.D. Cal. Dec. 2, 2011). A "magistrate's factual determinations are reviewed for clear error" and may be set aside if the district court is left with a "definite and firm conviction that a mistake has been committed." *Perry*, 268 F.R.D. at 348; *see Wolpin v. Philip Morris, Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999).

### A. Judge Sagar's Order to Produce Documents is Clearly Erroneous and Contrary to Law

The Parties previously held a lengthy hearing before Judge Eifert arguing the merits of the motion and how to comply with Judge Eifert's decision that Defendants are entitled to some compensation information from Dr. Elliott. *See* Exhibit A (Hearing Tr.). After Judge Eifert indicated she was inclined to at least partially grant Defendants' motion, a significant portion of the hearing was spent explaining what documents Dr. Elliott possesses and what he does not. Exhibit A at 16:14-18:15. During the hearing, Judge Eifert initially stated Dr. Elliott "needs to produce his invoices and payment records that **he has**…" Ex. A at 16:19-21 (emphasis added). Plaintiff's counsel then explained that Dr. Elliott is a practicing urologist at the Mayo Clinic and not a professional expert and doesn't generate business or financial records for his expert work other than the invoices he creates for work performed. Ex. A at 14:1-6. Over seven years

of common practice in the MDL pelvic mesh litigation, at the time of any deposition, Dr. Elliott would provide Defendants with copies of any invoices he had billed up to that point in the case. *Id.* at 14:1-17. Dr. Elliott only retains invoices until they are paid. Exhibit A at 17:15-21. After being apprised that Dr. Elliott no longer possesses the invoices sought by Defendants, Judge Eifert explicitly ruled Dr. Elliott **does not** have to produce invoices he no longer possesses, nor is he required to recreate them. Exhibit A at 17:24-25 (Judge Eifert: "I'm not going to require him to create documents that no longer exist or to recreate them.").

Besides invoices, which, again, are kept until paid, the only other documents Dr. Elliott possesses that would reflect payments for work as an expert witness are 1099s and tax returns. Judge Eifert refused to order production of these tax documents. Dr. Elliott, explained Judge Eifert, "**doesn't** need to give income tax returns or 1099s or any of that stuff." Exhibit A at 16:18-19 (emphasis added). Defense counsel agreed: "I do want to put it on the record that we **agree** with you [Judge Eifert]. … **We do not need 1099s**." *Id.* at 19:16-19 (emphasis added). At this point, Judge Eifert ruled that Dr. Elliott needed only to disclose "how much money he has earned during the course of the MDLs" and "state cases where he has testified." Exhibit A at 18:9-15. Defendants agreed on the record no documents were needed: "I really need the numbers, but they have to be real numbers. **I don't have to see actual invoices.** If the expert is saying and **will say at trial** that these are the real numbers, we're fine with that, as long as it's based in fact." *Id.* at 19:16-23 (emphasis added). Judge Eifert then concluded Dr. Elliott should produce an affidavit verifying that the numbers he provided are true and correct. *Id.* at 19:25-20:5.

Relying on Judge Eifert's instructions and Defendants' on-record representations, Dr. Elliott produced a verified statement of his compensation, which includes an explanation of how this number was derived, and a testimony list showing all cases where deposition or trial testimony was given over four years. *See* Exhibit B; Exhibit C. Despite Dr. Elliott's production, Defendants refuse to withdraw their Motion to Compel Compliance with MDL Order and continue to assert Dr. Elliott has somehow violated

Judge Eifert's Order. ECF No. 112. Without oral argument, Judge Sakar granted "Defendants' Motion to Compel production of Dr. Elliott's compensation records previously ordered in the MDL." ECF No. 125 at 2. Judge Sakar ordered Plaintiff to produce the compensation records the MDL Court ordered to be produced within thirty (30) days. *Id.* Defendants were also granted a two hour deposition of Dr. Elliott on the subject of his compensation records. *Id.*

Plaintiff believes Dr. Elliott has fully complied with Judge Eifert's production order and Defendants' Motion should have been denied as moot. Dr. Elliott produced the verified statement that both Judge Eifert and defense counsel agreed sufficed. Exhibit A at 19:16-20:5. Plaintiff believes it was in clear error and contrary to law to grant Defendant's Motion after Dr. Elliott had already complied with the prior MDL order. Fed. R. Civ. P. 72(a); *Perry*, 268 F.R.D. at 348; *Toyota*, 2011 U.S. Dist. LEXIS 160804, at *5. Dr. Elliott was never ordered to produce any documents and was never ordered to be re-deposed. Judge Eifert's Order is clear. Given Judge Sakar has made findings and issued order that are in direct conflict with Judge Eifert's Order, the Magistrate's decision is clearly erroneous and contrary to law. Fed. R. Civ. P. 72(a). Alternatively, Plaintiff requests the Court specify how Dr. Elliott's production is deficient. The Magistrate's Order fails to identify what documents or information Dr. Elliott failed to produce under the prior MDL order and must now be produced.

Plaintiff also requests a stay of Judge Sakar's order. Because Judge Sakar's decision directly contradicts Judge Eifert's Order, Plaintiff is likely to succeed on the merits. Staying Judge Sakar's order would ensure the appeal can be determined before production is made. Otherwise, Plaintiff would suffer irreparable injury. Granting a stay would not substantially harm Defendants because Dr. Elliott already has produced his compensation number in declaration form and this case has not been set for trial. Granting a stay would serve the public interest of ensuring consistent application of Judge Eifert's Order. *Alvarez v. Larose*, 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020).

1  Because Plaintiff strongly believes Dr. Elliott has complied with the MDL
2  discovery order. Dr. Elliott possesses no invoices to produce, and Judge Eifert
3  unequivocally stated Dr. Elliott's 1099s and tax returns are not to be produced. Dr. Elliott
4  doesn't possess nor has he possessed any other documents that would show expert
5  compensation, without guidance from the Court, Plaintiff is unsure is lacking to comply
6  with Judge Eifert's order. Defendant has refused to offer any specifics and instead simply
7  repeats Dr. Elliott should produce "verified information and documents" but fails to
8  specify what documents.

### B. Judge Sagar's Order is Procedurally Improper

In the underlying MDL, Defendants moved to compel Dr. Elliott (a non-party) to produce the requested compensation records. ECF No. 42. In her Order, Judge Eifert states "for the reasons discussed during the hearing, the court GRANTS Defendants' Motion to Compel Dr. Daniel Elliott to produce Compensation Records." ECF No. 64 at 1. Here, however, Defendants' motion to compel filed in the MDL, the third-party subpoena it was based on, and Judge Eifert's order were directed only at Dr. Elliott. ECF No. 42; ECF No. 64 at 1; Exhibit A at 3:15-17, 13:13-22 ("This is a hearing concerning defendant's motion to compel Dr. Daniel Elliott to produce compensation records."). Plaintiff was simply left out of the motion to compel before Judge Eifert.

Here, the motion filed by Defendants in this Court is titled Defendants' Motion to Compel Dr. Daniel Elliott to produce Compensation Records (ECF No. 112). The Motion was directed at Dr. Elliott and seeks to enforce the MDL Court's Order compelling Dr. Elliott to produce documents as ordered by Judge Eifert. Id.

However, despite the fact the underlying MDL Discovery Order and Defendants' Motion were directed only to Dr. Elliott and not Plaintiff or Plaintiff's Counsel, the Order entered by Judge Sagar Order is directed at Plaintiff. ECF No. 125. Given the procedural history showing all motions and the prior order were directed at a non-party, Dr. Elliott, it was procedurally improper to interject Plaintiff as the subject of the current Order.

### C. Certification of Compliance with L.R. 37-1

Plaintiff certifies that pursuant to L.R. 37-1, a good faith effort was made to resolve this dispute with counsel for Defendants prior to filing this motion. However, the Parties were not able to resolve this dispute.

### III. CONCLUSION

As shown above, Dr. Elliott has fully complied with the MDL Magistrate Judge's Order on the production of his expert witness compensation. Therefore, Plaintiff requests the Court set-aside Judge Sagar's Order as moot, clearly erroneous,a nd contrary to law. Alternatively, Judge Eifert's Order should be modified to specifiy what further documents must be produced to be in compliance. Plaintiff also requests the Court stay the Magistrate Judge's order until such time as the Court can address this Motion.

This the 19th day of October, 2020.

Respectfully submitted,

/s/ Chris W. Cantrell
Chris W. Cantrell (SBN 290874)
**DOYLE APC**
550 West B Street, Fourth Floor
San Diego, CA 92101
Telephone: (619) 736-0000
Facsimile: (619) 736-1111

William J. Doyle (SBN 188069)
John Lowther (SBN 207000)
**DOYLE LOWTHER LLP**
4400 NE 77th Avenue, Suite 275
Vancouver WA 98662
Telephone: (360) 818-9320
Facsimile: (360) 450-3116

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 19, 2020, a true and correct copy of the foregoing Plaintiff's Motion to Modify or Set-Aside the Magistrate's Order to Enforce MDL Discovery Order was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants registered to receive service in this case.

Respectfully Submitted,

/s/ Chris W. Cantrell
Chris W. Cantrell (SBN 290874)
**DOYLE APC**
550 West B Street, Fourth Floor
San Diego, CA 92101
Telephone: (619) 736-0000

Attorney for Plaintiff